United States District Court
Southern District of Texas
FILED
OCT 01 2021
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CARLOS HERNANDEZ, § § § Plaintiff, § § VS. § § CITY OF MCALLEN POLICE § DEPARTMENT, § § § Defendant. § | MISCELLANEOUS ACTION NO. 7:21-mc-70 |

## REPORT AND RECOMMENDATION

The plaintiff, Carlos Hernandez, has filed a civil rights complaint under 42 U.S.C. § 1983 against the City of McAllen Police Department and several John Doe McAllen police officers.[1] (Docket No. 5.) Pending is Hernandez's application for leave to proceed *in forma pauperis*. (*See* Docket No. 1). Hernandez seeks *in forma pauperis* status in order to proceed with his civil rights lawsuit without paying the required $402.00 filing fee. As discussed below, because Hernandez has failed to show that he is unable to pay the filing fee, the undersigned recommends that his IFP application be denied.

### I. DISCUSSION

Hernandez seeks to file a complaint against the City of McAllen Police Department and several John Doe McAllen police officers. (Docket No. 5.) He appears to allege that the John Doe officers violated his constitutional rights on several occasions when they falsely arrested him and assaulted him. (*Id.* at 4.) As monetary damages, Hernandez seeks "5 million dollars for all 9 times my rights have been violated[.]" (*Id.* at 5.)

---

[1] Because Hernandez has filed an amended complaint, the complaint docketed at Docket Entry No. 5 is the operative complaint in this case.

1

To qualify to proceed without paying the filing fee, an applicant must show that he is financially "unable to pay such fees." 28 U.S.C. § 1915(a). A district court has discretion to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Burch v. Freedom Mortg. Corp.*, 850 F. App'x 292, 2021 WL 2461010, at *1 (5th Cir. 2021) (per curiam). An applicant need not "be absolutely destitute" to proceed IFP, *see Adkins v. DuPont Co.*, 335 U.S. 331, 339 (1948); rather, "the proper inquiry is whether the movant can afford the costs of litigation without undue hardship or deprivation of life's necessities." *Burch v. Ford Motor Credit Co.*, 807 F. App'x 383, 383 (5th Cir. 2020) (per curiam). In actions for civil damages, like the instant case, IFP applications are to be granted more sparingly. *Flores v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975) ("[I]n civil cases for damages . . . the courts should grant the privilege sparingly."), *superseded by statute on other grounds as recognized in Thompson v. Drewry*, 138 F.3d 984, 985–86 (5th Cir. 1998).

Considering Hernandez's financial affidavit in light of this standard, he has failed to show that he is unable to pay the filing fee. In his pending application to proceed IFP, Hernandez asserts that he is currently self-employed as an air conditioning technician and electrician who owns his own business. (Docket No. 1, at 1.) According to Hernandez, he earns $700 a week in gross wages (*See id.*) Although Hernandez states that he currently has $0.00 in cash or in a checking or savings account, as his application and included affidavit show, Hernandez's self-reported annual gross income of $36,400 is above the federal poverty level.[2] He also asserts that he does not have any regular monthly expenses, any dependents who he supports, or any debts or other financial obligations. (*Id.* at 2.) Based upon the appliable federal poverty guideline and the financial

---

[2] The poverty threshold for a one-person household in Texas is currently $12,880. *See* U.S. Dept. of Health & Human Servs., *Federal Poverty Guidelines* (2021), https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Sept. 21, 2021).

information provided by Hernandez, the undersigned finds that he has the financial resources to pay the $402.00 filing fee without undue hardship or deprivation of the necessities of life. *See, e.g., Baker v. Mississippi*, No. 1:20-CV230-HSO-JCG, 2020 WL 8515064, at *1 (S.D. Miss. Sept. 9, 2020) (recommending denial of IFP statues where plaintiff's annual income exceeded the federal poverty guidelines by $440), *R&R adopted*, 2021 WL 65504 (S.D. Miss. Jan 7, 2021); *Nelson v. Louise*, No. Civ. A. 10-827, 2011 WL 3648632, at *2 (M.D. La. July 27, 2011) (recommending denial of IFP status where plaintiffs' income exceeded the federal poverty guidelines by approximately $11,000), *R&R adopted*, 2011 WL 3650285 (M.D. La. Aug. 17, 2011).

In the interest of justice, it is recommended that Hernandez's IFP application be denied without prejudice and that he be given an additional forty-five (45) days with which to pay the $402.00 filing fee.

## II. CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 1) be DENIED and that the plaintiff be required to pay the $402.00 filing fee within forty-five (45) days. It is further recommended that if the plaintiff should fail to timely pay the civil filing fee, this matter be dismissed without prejudice.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to the plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a *de novo* review by the District Court on

an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

The Clerk's Office will provide a copy of this order to the plaintiff

DONE at McAllen, Texas on _____October 1_____, 2021.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE