United States District Court
Southern District of Texas
**ENTERED**
April 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARLOS HERNANDEZ, | § § § § | |
| Plaintiff, | § § | MISCELLANEOUS ACTION NO. 7:21-mc-70 |
| VS. | § § | |
| CITY OF MCALLEN POLICE DEPARTMENT, | § § § § § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

On November 1, 2021, the District Court adopted the Magistrate Judge's Report and Recommendation that the plaintiff's application for leave to proceed *in forma pauperis* be denied and that he be given an additional forty-five days with which to pay the filing fee. (*See* Docket No. 7, Docket No. 8.) On November 22, 2021, the plaintiff filed a motion requesting the appointment of counsel; he has not paid any portion of the $402.00 filing fee, however. (Docket No. 9.) As discussed below, the undersigned recommends that the District Court deny the plaintiff's request for counsel. The undersigned further recommends that because the plaintiff has failed to timely pay the civil filing fee, this matter be dismissed without prejudice.

## I. DISCUSSION

In May 2021, the plaintiff filed an application for leave to proceed *in forma pauperis*; however, there was no complaint accompanying his application. (*See* Docket No. 1.) The court subsequently entered two orders—one in May 2021 and the other in August 2021—informing the plaintiff that if he wished to proceed IFP, he needed to file a complaint for the action that he intended to initiate. (*See* Docket No. 2, Docket No. 3.) On August 19, 2021, the plaintiff filed a

1

civil-rights complaint under 42 U.S.C. § 1983 against the City of McAllen Police Department and several John Doe McAllen police officers. (Docket No. 5.) In October, the undersigned magistrate judge recommended that the plaintiff's IFP application be denied because he had failed to show that he was unable to pay the $402.00 filing fee. (Docket No. 6.) The undersigned further recommended that the plaintiff be given an additional 45 days to pay the filing fee, and that if he should fail to timely pay the fee, then this civil action be dismissed with prejudice. The plaintiff did not file any objections to the Report and Recommendation, and the District Court adopted the Report and Recommendation on November 1, 2021. (*See* Docket No. 7, Docket No. 8.) On November 22, 2021, the plaintiff filed a hand-written letter, stating that he is indigent and requesting that the court appoint counsel. (Docket No. 9.) The plaintiff has not, however, paid the $402.00 filing fee.

This is a civil action filed under 42 U.S.C. § 1983. Generally, there is no right to counsel in civil cases, including cases alleging the deprivation of constitutional rights. *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). Federal courts do have discretion to appoint counsel in civil cases, but only where such appointment would "advance the proper administration of justice." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *see also* 28 U.S.C. § 1915(e)(1) (stating that "[t]he court may request an attorney to represent any person unable to afford counsel"). In the context of § 1983 claims, an indigent plaintiff is not entitled to counsel "unless the case presents exceptional circumstances." *Branch,* 686 F.2d at 265; *Naranjo*, 809 F.3d at 799. In considering whether exceptional circumstances are present, the Fifth Circuit instructs courts to consider the following factors: (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of presenting his case adequately; (3) whether the indigent plaintiff is in a position to investigate his case; and (4)

2

whether the evidence would consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Jackson v. Cain,* 864 F.2d 1235, 1242 (5th Cir. 1989) (citing *Ulmer*, 691 F.2d at 213).

In considering these factors in the instant case, the undersigned concludes that exceptional circumstances are not present, nor is the appointment of counsel necessary for the proper administration of justice. At this stage of the litigation, the case does not appear to be factually or legally complex and the plaintiff has not provided any reasons as to why he could not investigate his own case. Although it is unclear at this point whether the evidence in this case will consist in large part of conflicting evidence that would require the assistance of a skilled advocate, the plaintiff does not otherwise show that his claims will not receive a meaningful hearing without the benefit of counsel. In sum, this does not appear to be an exceptional case requiring appointment of counsel. Additionally, the court has found that the plaintiff does not qualify as indigent, as he has failed to show that he is unable to pay the filing fee. Review of the docket indicates that the plaintiff has not made any attempt to pay the required $402.00 filing fee. Accordingly, it is recommended that the plaintiff's letter-motion requesting counsel be denied and this case be dismissed without prejudice.

## II.  CONCLUSION

For the foregoing reasons, the undersigned recommends that the plaintiff's letter-motion requesting the appointment of counsel (Docket No. 9) be DENIED. It is further recommended that this matter be DISMISSED without prejudice based on the plaintiff's failure to pay the required filing fee.

**NOTICE TO THE PARTIES**

The Clerk shall send copies of this Report and Recommendation to the plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

The Clerk's Office will provide a copy of this order to the plaintiff.

SO ORDERED, the 12th of April, 2022 at McAllen, Texas.

_____
NADIA S. MEDRANO
United States Magistrate Judge